## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

OWEN NELSON, #44870                                              **PLAINTIFF**

**VERSUS**                                      CIVIL ACTION NO.5:05cv228DCB-JCS

**DOLAN WALLER, et al.**                                        **DEFENDANTS**

### ORDER

This cause is before the court on plaintiff's motion for reconsideration [document #5]. The plaintiff moves the court to reconsider the order filed January 5, 2006, denying plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Having considered the issues raised in the motion along with an additional review of the entire court file in this cause, the court finds that the motion is not well taken and should be denied.

On December 15, 2005, the plaintiff, an inmate of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. The plaintiff's complaint revolves around an alleged injury from exposed electrical wiring on September 9, 2004. The plaintiff alleges that the defendants failed to take action prior to his injury to remedy the situation, thereby failing to provide him with a safe environment. As stated above, on January 5, 2006, an order was entered denying plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.
This court found that the plaintiff had on three occasions "brought an action or appeal in a
court of the United States that was dismissed on the grounds that it is frivolous, malicious, or
fails to state a claim upon which relief may be granted." The order directed the plaintiff to
pay the $250.00 filing fee within 30 days of the date of that order.

The plaintiff argues in the motion at bar that his complaint falls within the three-strikes
exception of § 1915 (g), "imminent danger of serious physical injury." Plaintiff relies on the
fact that he was granted *in forma pauperis* status by this court in a 2003 case and that he
ultimately suffered a physical injury on September 9, 2004. Addressing the exception
provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three
> strikes is entitled to proceed with his action or appeal only if he is in imminent
> danger *at the time that he seeks to file his suit in district court* or seeks to
> proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (emphasis added). Clearly, the danger
must exist at the time the complaint is filed. Id. "Further, '[b]y using the term 'imminent,'
Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent
impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d
559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).
Therefore, the court finds that the plaintiff has failed to establish that he was under imminent
danger of serious physical injury at the time of filing this complaint. Banos v. O'Guin, 144
F.3d 883, 884-85 (5th Cir.1998); Choyce v. Dominguez, 160 F.3d 1068 (5th Cir.1998).[1]

───────────────

[1]Specifically addressing the plaintiff's claim regarding his 2003 case, it appears the court

2

Accordingly, it is hereby,

ORDERED that plaintiff's motion to reconsider [document #5] the order denying

plaintiff's motion to proceed *in forma pauperis* is **denied**.

IT IS FURTHER ORDERED that plaintiff has 15 days from the date of this order to

pay the required filing fee of $250.00 or this action will be dismissed without further written

notice to the plaintiff.

SO ORDERED this the 21ST day of March, 2006.

UNITED STATES DISTRICT JUDGE

was unaware of the plaintiff's strike status at that time. It is a *pro se* plaintiff's obligation to
inform this court of all previous dismissals.

5:05cv228DCB-JCS                                     3