# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**OWEN NELSON, #44870**                                                         **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:05cv228DCB-JCS**

**DOLAN WALLER, et al.**                                                    **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

Upon further consideration of the records in this action, the Court finds that an order was entered on January 5, 2006, denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)'s "three-strikes" rule.[1] The plaintiff was ordered to pay the full filing fee, within thirty days. The plaintiff was warned that his failure to pay the filing fee within a timely manner would result in the dismissal of this case for want of prosecution under FEDERAL RULE OF CIVIL PROCEDURE 41(b). The plaintiff failed to comply with this order.

On March 10, 2006, the plaintiff filed a motion to reconsider the January 5, 2006, order denying him <u>in forma pauperis</u> status. On March 23, 2006, this Court entered a detailed order denying the plaintiff's motion to reconsider. The plaintiff was ordered, for the second time, to pay the filing fee for this case. The order warned the plaintiff that if he did not pay the filing fee within fifteen days this case would be dismissed without further written notice to the plaintiff.

Instead of complying with the Court's second order to pay the filing fee for this case, the

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

plaintiff filed a pleading entitled "petition for an order of contempt." This pleading alleges that plaintiff's rights to religious freedom have been violated. The original complaint filed in this case involved an alleged injury from exposed electrical wiring that occurred on September 9, 2004. This "petition for an order of contempt" has no relevance to this case.

The plaintiff has failed to comply with this Court's orders of January 5, 2006, and March 23, 2006. The plaintiff filed this action on December 15, 2005, and has had ample opportunity to pay the required filing fee. Furthermore, as previously explained to the plaintiff, this case does not meet the exception provisions of 28 U.S.C. § 1915(g), therefore this court cannot allow him to proceed in forma pauperis. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998).

Since the plaintiff has failed to pay the filing fee, thereby failing to comply with two Court orders, this case will be dismissed. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without

prejudice. <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

All pending motions are terminated. A separate final judgment in accordance with this memorandum opinion will be entered.

This the 10th day of May, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
